# In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 04-2158

ARTHUR W. FUESTING,

*Plaintiff-Appellee,*

v.

ZIMMER, INC.,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 CV 02251—**Harold A. Baker**, *Judge.*

---

ARGUED MAY 3, 2006—DECIDED MAY 22, 2006

---

Before FLAUM, *Chief Judge*, and EVANS and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* This opinion resolves plaintiff-appellee Fuesting's petition for rehearing and addresses the question of what relief the court of appeals has the power to award where there was prejudicial evidentiary error in the district court. Our August 30, 2005 decision in this case found prejudicial error in the district court's decision to admit Fuesting's expert testimony and remanded with instructions to enter judgment in favor of Zimmer. *See Fuesting v. Zimmer*, 421 F.3d 528 (7th Cir. 2005). Subsequently, Fuesting filed a petition for rehearing. We stayed

consideration of the petition because the Supreme Court had granted a writ of certiorari on the question of whether a court of appeals can review the sufficiency of the evidence supporting a civil jury verdict where the appellant failed to renew its Rule 50(a) motion after the verdict. *See Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.,* 543 U.S. 1186 (2005). We ordered the parties to file responsive memoranda, if they so chose, within 14 days of the Supreme Court's decision. On January 23, 2006, the Supreme Court rendered its decision. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, --- U.S. ---, 126 S. Ct. 980 (2006). The parties have submitted responses, and Fuesting argues that the *Unitherm* decision precludes this court from awarding any relief to Zimmer because Zimmer failed to file, after the verdict, either a Rule 50(b) motion for judgment as a matter of law or a Rule 59 motion for a new trial. Zimmer argues that *Unitherm* only addresses appeals based on the sufficiency of the evidence, and does not disturb this court's decision, which was based on the improper admission of testimony. We conclude that *Unitherm* does not prevent us from granting Zimmer relief from the district court's error. The proper remedy, however, should have been the grant of a new trial. For reasons discussed in more detail below, we grant the petition for rehearing and vacate only the portion of our prior opinion directing the district court to enter judgment for the defendant.

## I.  BACKGROUND

Fuesting filed this suit against Zimmer Inc., the manufacturer of his failed prosthetic knee, alleging negligence and strict liability. Our prior decision explains the factual background and discusses in detail our reasons for concluding that, pursuant to *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993), the district court erred in admitting the testimony of Dr. James Pugh,

Fuesting's expert witness. *See Fuesting*, 421 F.3d at 537. In this opinion, we assume familiarity with our prior decision and will discuss only the relevant procedural history.

Prior to trial, Zimmer moved *in limine* to exclude the testimony of Dr. Pugh, pursuant to Federal Rule of Evidence 702. The district court denied Zimmer's motion *in limine* and the trial proceeded. Dr. Pugh testified at trial, as did Fuesting's orthopaedic surgeon, Dr. James McKechnie. Both Dr. Pugh and Dr. McKechnie offered opinions on Zimmer's causation of Fuesting's injuries; specifically, they testified that Zimmer's air sterilization method led to Fuesting's injuries. Fuesting did not offer any other medical or expert witnesses and only introduced the deposition testimony of Zimmer's chief scientific officer. At the close of evidence, Zimmer moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The district court denied the motion and submitted the case to the jury. On April 2, 2004, the jury returned a verdict in favor of Fuesting. Though the court granted Zimmer's motion to extend the time to file postverdict motions, Zimmer never renewed its Rule 50(a) motion for judgment as a matter of law and did not file any postverdict motions. Zimmer subsequently filed its appeal, arguing that it was entitled to a new trial because (1) the district court erred in admitting Dr. Pugh's testimony, and (2) the jury instructions were erroneous.

We concluded that, pursuant to *Daubert* and Rule 702, Dr. Pugh's testimony was scientifically unreliable and the district court committed prejudicial error in admitting the testimony. *See Fuesting*, 421 F.3d at 536-37. Because we deemed the remaining evidence insufficient for Fuesting to establish his claims as a matter of law, we reversed and remanded to the district court with instructions to enter judgment for Zimmer.

## II. ANALYSIS

The question before us is what relief, if any, may be awarded to Zimmer in light of the Supreme Court's decision in *Unitherm*. In that case, the plaintiff, Unitherm, sued ConAgra seeking a declaration that a ConAgra patent was invalid. *Unitherm*, 126 S. Ct. at 983. Prior to the submission of the case to the jury, ConAgra moved for judgment as a matter of law pursuant to Rule 50(a), arguing that the evidence was insufficient for a reasonable jury to find in Unitherm's favor. *Id.* at 984. The district court denied the motion. *Id.* After the jury returned a verdict for Unitherm, ConAgra appealed without filing any postverdict motions. *Id.* On appeal, the Federal Circuit found that the evidence Unitherm presented was legally insufficient to support the verdict, and therefore it vacated the jury's judgment and ordered a new trial. *Id.* The Supreme Court concluded that, in the absence of postverdict Rule 50 or 59 motions, the court of appeals was without the power to assess the sufficiency of the evidence and could not award a new trial or order the entry of judgment for ConAgra. *See id.* at 989 ("we hold that since respondent failed to renew its preverdict motion as specified in Rule 50(b), there was no basis for review of respondent's sufficiency of the evidence challenge in the Court of Appeals").

*Unitherm* compels us to vacate our instructions to the district court to enter judgment for Zimmer because the Supreme Court has now indicated that a court of appeals may not award judgment due to insufficiency of the evidence where no Rule 50(b) motion was filed after the verdict. The Court stated:

> This Court has addressed the implications of a party's failure to file a postverdict motion under Rule 50(b) on several occasions and in a variety of procedural contexts. This Court has concluded that, "[i]n the absence of such a motion" an "appellate

> court [is] without the power to direct the District Court to enter judgment contrary to the one it had permitted to stand." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212 (1947).

*Unitherm*, 126 S. Ct. at 985 (bracketed text in original; parallel citations omitted). Though our prior decision was not explicitly framed as a determination that the evidence was insufficient, on review we conclude that weighing the value of Fuesting's remaining evidence after excising Dr. Pugh's expert testimony crossed the line into activity proscribed by *Unitherm*.

Our conclusion exposes a subtle tension between the ability of the appellate court to engage in harmless error analysis and the court's responsibility not to weigh the sufficiency of the evidence in the absence of a properly filed postverdict motion; determining whether an evidentiary error is harmless necessarily requires some weighing of the sufficiency of the evidence. Our prior decision in this case is a paradigmatic example of this tension, since we were required to assess the sufficiency of the remaining evidence (the testimony of Fuesting's orthopaedic surgeon and the deposition excerpts) in the absence of the testimony we deemed inappropriately admitted in order to determine whether the district court's error prejudiced Zimmer. *See Fuesting*, 421 F.3d at 537 ("Without Pugh's testimony, Fuesting cannot establish either defect or negligence. . . . And, save for Dr. McKechnie's sparse testimony on the subject . . . Fuesting has offered no other evidence as to causation").

*Unitherm* suggests that it will usually be inappropriate for a court of appeals to award judgment in the absence of a properly filed Rule 50(b) motion because awarding judgment involves a complete examination of the sufficiency of the evidence that must take place first in the district

court.[1] *See Unitherm*, 126 S. Ct. at 986. We thus erred in awarding judgment to Zimmer.

However, *Unitherm* does not foreclose the ability of the appellate court to order a new trial where evidence was improperly admitted. To the extent that the Court held that awarding a new trial would be improper in *Unitherm*, the Court was specifically addressing the situation of a litigant seeking a new trial on the basis of the insufficiency of the evidence. *See Unitherm*, 126 S. Ct. at 987-88 ("[respondent] seeks a *new trial* based on the legal insufficiency of the evidence") (emphasis in original). The Court did not hold that a court of appeals may not award a new trial on the basis of an erroneous evidentiary decision.

There is some potential for confusion because *Unitherm* includes some strong language regarding the necessity of postverdict motions, language that Fuesting reads to limit a party's ability to challenge any legal error where it failed to file a postverdict motion. *See Unitherm*, 126 S. Ct. at 987-88 ("the precise subject matter of a party's Rule 50(a) motion—namely, its entitlement to judgment as a matter of law—cannot be appealed unless that motion is renewed pursuant to Rule 50(b)"). After discussing the line of cases undergirding its holding, the Court wrote: "Accordingly, these outcomes merely underscore our holding today—a party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court." *Id.* The potential for confusion in the context of evidentiary challenges exists because, as discussed above, the prejudice analysis in appellate review of evidentiary

---

[1] *Unitherm* does not address the question of whether an appellate court may grant judgment for the defendant where *no* evidence remains after the court of appeals reverses an evidentiary decision in the trial court. We need not, and do not, answer that question today.

decisions involves what might be considered an implicit weighing of the sufficiency of the evidence. An appellate court cannot truly determine whether an error was harmless without considering the force of the other evidence presented to the jury. *Cf. Williams v. Pharmacia, Inc.*, 137 F.3d. 944, 951 (7th Cir. 1998) (finding error to be harmless because "there was sufficient evidence independent of the hearsay testimony upon which the jury could rely in finding Pharmacia liable for sex discrimination under each of Williams's Title VII claims"). Perhaps adding to the potential for Fuesting's confusion, there are numerous cases in which the appellant filed a pre-trial motion *in limine* as well as a postverdict motion for a new trial based on the denied evidentiary motion. *See, e.g., Weisgram v. Marley Co.*, 528 U.S. 440 (2000) (affirming the ability of the appellate court to award judgment as a matter of law where evidence was insufficient after improperly admitted evidence was excised from the record).

Nevertheless, the ability of the court of appeals to award a new trial where there is prejudicial evidentiary error is well-established and undisturbed by *Unitherm*. The Federal Rules of Evidence make clear that a party is not required to renew an objection to an evidentiary motion in order to preserve its right to appeal. *See* Fed. R. Evid. 103(a) ("Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal"). The advisory committee notes explain that the 2000 amendment to Rule 103 resolves a dispute in the courts as to whether "a losing party must renew an objection or offer of proof when the evidence is or would be offered at trial, in order to preserve a claim of error on appeal." Though, as the committee notes reveal, Rule 103 is primarily focused on renewal at trial, it follows that renewal through postverdict motions is unnecessary if the rule dictates that a claim of error for appeal is preserved by

the original objection or motion *in limine*. We cannot reconcile Rule 103's explicit pronouncement that a motion *in limine* "preserve[s] a claim of error on appeal" with Fuesting's view of the *Unitherm* case, which would preclude the court from awarding any relief to a party that was prejudiced by an evidentiary error but did not file a postverdict motion. A preserved claim of error on appeal is meaningless if the court of appeals, handcuffed by Rule 50, has no authority to award relief. Had the Supreme Court intended to create such a broad rule, we presume the Court would have done so explicitly, addressing Rule 103 as well as the substantial body of cases in which courts of appeals have awarded new trials purely on the basis of evidentiary errors. *See, e.g., Cerabio LLC v. Wright Medical Technology, Inc.*, 410 F.3d 981 (7th Cir. 2005); *Milhailovich v. Laatsch*, 359 F.3d 892 (7th Cir.), *cert. denied*, 543 U.S. 926 (2004); *Mukhtar v. California State University Hayward*, 299 F.3d 1053 (9th Cir. 2002); *Phoenix Associates III v. Stone*, 60 F.3d 95 (2d Cir. 1995); *Jankins v. TDC Management Corp. Inc.*, 21 F.3d 436 (D.C. Cir. 1994); *Public Service Co. of Indiana Inc. v. Bath Iron Works Corp.*, 773 F.2d 783 (7th Cir. 1985). Furthermore, the *Unitherm* decision does not purport to undermine those cases which explicitly state that a post-judgment motion is not a prerequisite to an appeal. *See Probus v. Kmart*, 797 F.2d 1207, 1209 n.2 (7th Cir. 1986) ("Although the plaintiff made no post-judgment motion for a new trial on the basis of these errors, it is well settled that such a motion is not a prerequisite to appeal"); *Sherrill v. Royal Industries, Inc.*, 526 F.2d 507, 509 n.2 (8th Cir. 1975) (stating, in case involving jury instruction error, "[a] motion for a new trial under Fed. R. Civ. P. 59 is not a prerequisite to an appeal").

Fuesting's reading of *Unitherm* is also at odds with the conclusions of leading commentators. *See, e.g.,* 12 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.55 (3d ed. 2005) ("A motion for a new trial is not required to preserve properly

made objections for appellate review, and is therefore not a prerequisite to an appeal from the judgment"). On the point in question, Wright and Miller similarly observe that "[t]he settled rule in federal courts, contrary to that in many states, is that a party may assert on appeal any question that has been properly raised in the trial court. Parties are not required to make a motion for a new trial challenging the supposed errors as a prerequisite to appeal." 11 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2818 (2d ed. 1995). They further write:

> A renewed motion for judgment as a matter of law under Rule 50(b) is not a condition precedent to appeal from a final judgment. If there have been errors at the trial, duly objected to, dealing with matters other than the sufficiency of the evidence, they may be raised on appeal from the judgment even though there has not been either a renewed motion for judgment as a matter of law or a motion for a new trial, although it is better practice for the parties to give the trial court an opportunity to correct its errors in the first instance.

*Id.* at 9A § 2540. Like the *Unitherm* Court, Wright and Miller specifically identify a sufficiency of the evidence challenge as uniquely requiring a postverdict motion in order to preserve appellate review. Many litigants, of course, have followed the "better practice" of filing postverdict motions in cases where they subsequently appealed on the basis of evidentiary errors.[2] *See, e.g.,*

---

[2] Professor Martin Redish, writing in MOORE'S, observes: "although not a prerequisite to an appeal, it is often advisable to bring the alleged errors to the trial court's attention by moving for a new trial, to avoid the time and expense of an appeal before a new trial ordered by the appellate court." 12 J. MOORE ET AL.,

(continued...)

*Jerden v. Amstutz*, 430 F.3d 1231 (9th Cir. 2005) (ordering a new trial on basis of evidentiary error where appellant had moved post-verdict for a new trial); *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154 (11th Cir. 2004) (same); *Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000) (ordering a partial new trial on the basis of error in admitting expert testimony relating to damages, where appellant moved postverdict for a new trial); *Hester v. BIC Corp.*, 225 F.3d 178 (2d Cir. 2000) (new trial ordered on basis of evidentiary error where appellant moved postverdict for a new trial).[3] However, these decisions do not indicate that such filings were necessary.

In sum, without an explicit declaration from the Supreme Court, we will not strain to read one of its decisions as overturning a right of appellate review that is stated in the Federal Rules of Evidence, manifested in the precedents of numerous court of appeals decisions, and observed in the leading treatises. Our prior decision, finding prejudicial error in the admission of Dr. Pugh's testimony, went too far in awarding judgment for Zimmer. There was other evidence in the record supporting Fuesting's claims even after Dr. Pugh's testimony was excluded, and *Unitherm* makes clear that we were not permitted to assess the sufficiency of the remaining evidence in the absence of a postverdict motion. However, we do not disturb our conclusion that the admission of Dr. Pugh's testimony prejudiced Zimmer, and Zimmer is entitled to relief. The appropriate remedy was to

---

[2]  (...continued)
MOORE'S FEDERAL PRACTICE § 59.55 (3d ed. 2005).

[3]  In *Weisgram*, the defendant filed Rule 50(b) and 59 motions claiming the evidence was insufficient because of the evidentiary error. *See Weisgram*, 528 U.S. at 445. Nothing in *Weisgram* suggests that the court of appeals could not have awarded a new trial had the appellant simply appealed the evidentiary decision.

remand for a new trial, and such relief is granted by this opinion.

### III.  CONCLUSION

The petition for panel rehearing is GRANTED. Our instructions to enter judgment for Zimmer are VACATED and the case is REMANDED to the district court for proceedings consistent with this opinion.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*
