**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BONNIE VAN ALSTYNE,

      *Plaintiff-Appellee,*

v.

ELECTRONIC SCRIPTORIUM, LIMITED, Suggestion of Bankruptcy filed August 16, 2007,

      *Defendant-Appellant,*

and

EDWARD LEONARD,

      *Defendant,*

and

BRETT LEONARD,

      *Party in Interest.*

No. 07-1892

BONNIE VAN ALSTYNE,

*Plaintiff-Appellee,*

v.

EDWARD LEONARD,

*Defendant-Appellant,*

and

ELECTRONIC SCRIPTORIUM, LIMITED,
Suggestion of Bankruptcy filed
August 16, 2007,

*Defendant,*

and

BRETT LEONARD,

*Party in Interest.*

No. 07-1899

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(1:06-cv-01364-LMB)

Argued: December 4, 2008

Decided: March 18, 2009

Before WILLIAMS, Chief Judge, and SHEDD and AGEE,
Circuit Judges.

Vacated and remanded with instructions by published opin-
ion. Chief Judge Williams wrote the opinion, in which Judge
Shedd and Judge Agee joined.

**COUNSEL**

**ARGUED:** Nicholas Hantzes, HANTZES & REITER, McLean, Virginia, for Appellants. Christopher Alan Abel, TROUTMAN SANDERS, L.L.P., Norfolk, Virginia, for Appellee. **ON BRIEF:** Dawn L. Serafine, TROUTMAN SANDERS, L.L.P., Norfolk, Virginia; Elizabeth A. Billingsley, TROUTMAN SANDERS, L.L.P., McLean, Virginia, for Appellee.

---

**OPINION**

WILLIAMS, Chief Judge:

During Bonnie Van Alstyne's employment with Electronic Scriptorium Limited ("ESL"), ESL's president, Edward Leonard, began accessing her personal email account. Van Alstyne discovered Leonard's actions, which continued for more than a year after Van Alstyne left ESL, while litigating an unrelated matter with ESL in Virginia state court. Thereafter, Van Alstyne brought suit under the Stored Communications Act, 18 U.S.C.A. § 2707(a) (West 2000) ("SCA"), alleging that Leonard and ESL illegally accessed her personal email account. Following trial, a jury awarded Van Alstyne $150,000 in statutory damages and $75,000 in punitive damages against Leonard. The jury awarded an additional $25,000 in statutory damages and $25,000 in punitive damages against ESL. The district court also awarded Van Alstyne $135,723.56 in attorney's fees and costs.

On appeal, ESL and Leonard contend that the district court erred in permitting the jury to award: (1) statutory damages of $1,000 per violation of the SCA; (2) punitive damages; and (3) attorney's fees, without first finding that Van Alstyne suffered actual damages. We agree with ESL and Leonard in part, concluding that plaintiffs pursuing claims under the SCA

must prove actual damages in order to be eligible for an award of statutory damages. We disagree, however, that this requirement holds for punitive damages or attorney's fees. Accordingly, we vacate the awards in favor of Van Alstyne and remand for further proceedings.

I.

ESL is a small data-conversion company owned and operated by Leonard and his wife, Brett, in Leesburg, Virginia. ESL hired Van Alstyne, a friend of the Leonards, in January 2001 to serve as Vice President of Marketing. ESL assigned Van Alstyne a company email account, but she also used her private password-protected email account with America On-Line ("AOL") to conduct business from time to time.

According to Van Alstyne, in October 2001, Leonard sexually propositioned her, but she declined his advances. Shortly thereafter, in December, Van Alstyne and ESL agreed that Van Alstyne would be recategorized as an independent contractor with the company. In March 2002, ESL unilaterally terminated Van Alstyne.

Van Alstyne thereafter pursued several claims for relief against ESL: (1) a sexual harassment charge with the Equal Employment Opportunity Commission ("EEOC"); (2) a claim for unemployment benefits with the Virginia Employment Commission ("VEC"); and (3) a claim for unpaid commissions in Virginia state court. Van Alstyne's EEOC claim was dismissed for want of jurisdiction because ESL employed fewer than fifteen individuals, and she eventually nonsuited her claim for unpaid commissions. Van Alstyne did, however, prevail on her claim with the VEC.

Meanwhile, ESL instituted an action against Van Alstyne in Virginia state court, alleging several business torts against her.[1] It was in the midst of discovery in that suit that the seeds

---

[1] ESL filed for bankruptcy in August 2007 and this proceeding remains pending as an adversary proceeding in bankruptcy court.

for the instant action were sown. During a deposition in February 2006, ESL's counsel used several emails from Van Alstyne as exhibits. Van Alstyne believed that these exhibits were actually taken from her AOL account and not her company account. With her suspicions aroused, Van Alstyne began pursuing the possibility that Leonard and ESL had broken into that private account. Sure enough, during a June 2006 deposition, Leonard admitted that he accessed Van Alstyne's AOL account after she left the company. He further testified that the emails produced during the deposition represented the only occasions on which he had accessed her account.[2]

No doubt disturbed by Leonard's behavior, Van Alstyne promptly instituted an action against Leonard in the United States District Court for the Eastern District of Virginia, alleging that Leonard's actions violated the SCA—part of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C.A. § 2510, et seq. (West 2000)—and the Virginia Computer Crimes Act, Va. Code Ann. §§ 18.2-152.1, et seq. (2004). Van Alstyne requested compensatory and punitive damages under the SCA, contending that Leonard's actions caused her "actual damages," or, in the alternative, that she was "entitled to an award of the statutory minimum damage figure provided for by the [SCA]." (J.A. at 33.) Van Alstyne's claim for actual damages encompassed a claim for attorney's fees and costs in defending the ESL suit and a claim for damages for mental anguish and emotional distress arising from defending the ESL suit.

Before Leonard responded, Van Alstyne filed an amended complaint adding ESL as an additional defendant. Van Alstyne filed a second amended complaint in March 2007,

---

[2]These statements were not entirely true. Indeed, Leonard ultimately admitted to accessing Van Alstyne's AOL account at all hours of the day, from home and internet cafes, and from locales as diverse as London, Paris, and Hong Kong. During discovery, Leonard produced copies of 258 different emails he had taken from Van Alstyne's AOL account.

removing her claims of mental anguish and emotional distress in order to "maintain a modicum of privacy and avoid further invasion of it through discovery." (J.A. at 126). After Leonard and ESL filed a motion to compel evidence of Van Alstyne's "actual damages," Van Alstyne amended her complaint for a third time. The Third Amended Complaint withdrew the claims under the Virginia Computer Crimes Act against both Leonard and ESL and also "withdr[e]w any claim for damages . . . premised upon the costs she incurred in defending the [ESL] suit." (J.A. at 22.) Van Alstyne's claim for relief was thus limited to punitive damages and "statutory minimum damage[s]" under the SCA. (J.A. at 27.)

Leonard and ESL moved for summary judgment, relying principally on the Supreme Court's opinion in *Doe v. Chao*, 540 U.S. 614 (2004), for the proposition that the SCA did not provide for statutory damages absent a showing that the plaintiff suffered actual damages. *See Doe*, 540 U.S. at 627 (holding that, under the Privacy Act, $1,000 minimum statutory damages award was available "only to plaintiffs who suffered some actual damages").

On June 8, 2007, the district court denied the motion for summary judgment, and the case continued to a jury trial. On June 21, 2007, the jury returned a verdict in favor of Van Alstyne against Leonard in the amount of $150,000 in compensatory damages and $75,000 in punitive damages and against ESL in the amount of $25,000 in compensatory damages and $25,000 in punitive damages. The compensatory damages award represented a statutory damages award of $1,000 for each violation of the SCA. ESL and Leonard filed a motion for a new trial and judgment as a matter of law, which the district court denied. On August 13, 2007, the district court entered its final judgment, which also awarded Van Alstyne $124,763.38 in attorney's fees and $10,960.18 in costs against Leonard and ESL, jointly and severally. Leonard and ESL noted a timely appeal.

## II.

On appeal, Leonard and ESL contend that the district court erred in permitting the jury to award Van Alstyne statutory damages, punitive damages, and attorney's fees and costs without first requiring her to prove actual damages under the SCA.[3] We review these issues *de novo*. *Henson v. Liggett Group, Inc.*, 61 F.3d 270, 274 (4th Cir. 1995). "When interpreting statutes we start with the plain language." *U.S. Dep't of Labor v. N.C. Growers Ass'n*, 377 F.3d 345, 350 (4th Cir. 2004). "It is well established that when the statute's language

---

[3]Van Alstyne argues that Leonard and ESL failed to preserve this argument for appeal because, in her view, Leonard and ESL are attempting to appeal the denial of a summary judgment ruling. That, Van Alstyne correctly notes, they may not do. *See, e.g.*, *Varghese v. Honeywell Int'l Inc.*, 424 F.3d 411, 421-23 (4th Cir. 2005). We have reviewed the record and conclude that the appellants did properly preserve this issue by filing a motion for summary judgment and then filing a Rule 50(a) motion for judgment as a matter of law. *See Fuesting v. Zimmer*, 448 F.3d 936, 941 (7th Cir. 2006) (recognizing that "[a] renewed motion for judgment as a matter of law under Rule 50(b) is not a condition precedent to appeal from a final judgment. If there have been errors at the trial, duly objected to, dealing with matters other than the sufficiency of the evidence, they may be raised on appeal from the judgment even though there has not been either a renewed motion for judgment as a matter of law or a motion for a new trial . . . ." (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2540 (2d ed. 1995)).

After oral argument, we ordered the parties to file supplemental briefs regarding the impact of the Supreme Court's decision in *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 126 S. Ct. 980 (2006), on this issue. In *Unitherm*, the Court held that failure to file a Rule 50(b) motion removed an appellate court's power to review a sufficiency of the evidence challenge on appeal. *Id.* at 989. Having reviewed the parties' supplemental briefs, we easily conclude that *Unitherm* is not applicable to this case, in which Leonard and ESL are not challenging the sufficiency of the evidence supporting the jury's verdict. *Fuesting*, 448 F.3d at 941 (noting "without an explicit declaration from the Supreme Court, we will not strain to read [*Unitherm*] as overturning a right of appellate review that is stated in the Federal Rules of Evidence, manifested in the precedents of numerous court of appeals decisions, and observed in the leading treatises").

is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (internal quotation marks omitted). In interpreting the plain language of a statute, we give the terms their "ordinary, contemporary, common meaning, absent an indication Congress intended [it] to bear some different import." *North Carolina v. Tenn. Valley Auth.*, 515 F.3d 344, 351 (4th Cir. 2008) (internal quotation marks omitted). We follow "the cardinal rule that statutory language must be read in context [because] a phrase gathers meaning from the words around it." *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 596 (2004) (internal quotation marks omitted).

## III.

### A.

Section 2701 of the SCA creates a criminal offense for whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided" or "intentionally exceeds an authorization to access that facility," and by doing so "obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C.A. § 2701(a)(1-2).

Section 2707 provides a private cause of action for "any . . . other person aggrieved" by a violation of § 2701. 18 U.S.C.A. § 2707(a). Under § 2707, a district court may award equitable or declaratory relief, a reasonable attorney's fee and other costs, and "damages under subsection (c)." 18 U.S.C.A. § 2707(b). Subsection (c) provides:

> The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case

shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

*Id.* § 2707(c).

In *Doe*, the Supreme Court reviewed the Privacy Act, which provided that in cases in which the United States had willfully or intentionally violated the Act, it would be liable for "actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000." 5 U.S.C.A. § 522a(g)(4)(A). Interpreting this language, the Court concluded that by using the phrase "actual damages sustained," Congress "made specific provision . . . for what a victim within the limited class may recover." 540 U.S. at 620. And, the "simplest reading" of the clause "a person entitled to recovery, . . . looks back to the immediately preceding provision for recovering actual damages." *Id.* A contrary view, the Court continued, "simply pays no attention to the fact that the statute does not speak of liability (and consequent entitlement to recovery) in a freestanding, unqualified way, but in a limited way, by reference to enumerated damages." *Id.* at 621. Accordingly, the *Doe* Court concluded that statutory damages were available only to plaintiffs who first proved that they suffered actual damages. *Id.* at 627. The *Doe* Court reached this result using a "straightforward textual analysis." *Id.* at 620.

Like the Privacy Act, the SCA limits an award of damages to the "actual damages suffered," as well as "any profits," thus "ma[king] specific provision . . . for what a victim . . . may recover." *Id.* Furthermore, the SCA and Privacy Act contain the substantively identical following phrase: "but in no case

shall a person entitled to recover receive less than the sum of $1,000," which "looks back to the immediately preceding provision for recovering actual damages." *Id.* Indeed, the only differences between the damages provisions in the two statutes is the SCA's use of the term "suffered" instead of "sustained" and its use of the phrase "and any profits made by the violator." Neither difference, it seems to us, has any material impact. Thus, we are left to interpret statutory language in all important respects identical to that already interpreted by the Supreme Court. Our answer, it appears, should be obvious: just as the Privacy Act required proof of "actual damages" as a prerequisite to recovering statutory damages, so does the SCA.

Buttressing this conclusion is the fact that Congress, if it wished the result that Van Alstyne presses for, could have written a simpler, unambiguous statute. As we explained in interpreting the Privacy Act:

> For instance, section 4 and subsection (A) could have been phrased in the following, or similar, terms: "the United States shall be liable to the individual in an amount equal to the sum of (A) whichever is greater: actual damages sustained by the individual as a result of the refusal or failure, or $1,000."

*Doe v. Chao*, 306 F.3d 170, 178 (4th Cir. 2002), *aff'd Doe*, 540 U.S. at 627.

Congress has followed such a course in several enactments. The Wiretap Act, which like the SCA is found within the ECPA, provides:

> In any other action under this section, the court may assess as damages whichever is the greater of . . . the sum of the actual damages suffered by the plaintiff and any profits made by the violator . . . or . . . statu-

> tory damages of whichever is the greater of $100 a
> day for each day of violation or $10,000.

18 U.S.C.A. § 2520(c)(2). Likewise, the Driver's Privacy Protection Act lists, as remedies, "actual damages, but not less than liquidated damages in the amount of $2,500." 18 U.S.C.A. § 2724. *Cf. Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008) (noting, under Fair Credit Reporting Act, that plaintiff was entitled to "compensatory damages or statutory damages").

In sum, the Supreme Court has already interpreted language that is substantively identical to § 2707(c) to require proof of actual damages as a prerequisite to recovering statutory damages, and Congress has shown the ability to enact statutes that clearly award statutory damages absent proof of actual damages. Accordingly, we hold that the plain language of § 2707(c) unambiguously requires proof of actual damages as a prerequisite to recovery of statutory damages.

### B.

Van Alstyne makes several arguments in response, none of which we believe are well-taken. First, Van Alstyne contends that the structure and legislative history of the SCA dictate a different result, a conclusion reached by the district courts to have considered the issue. *See In re Hawaiian Airlines, Inc.*, 355 B.R. 225, 231 (D. Haw. 2006) (concluding that "the Supreme Court's interpretation of the Privacy Act in *Doe v. Chao* does not apply to the similar statutory language found in the Stored Communications Act"); *Freedman v. Town of Fairfield*, No. 3:03CV01048 (PCD), 2006 U.S. Dist. LEXIS 66857, at *8 (D. Conn. Sept. 19, 2006) (allowing recovery of statutory damages and explaining that "if *Doe* cited Section 2707(c) as authority for Congress' intention as to damages recoverable under the earlier enacted Privacy Act, it would have said so as dicta, instead of rejecting its history as not determinative"); *Cedar Hill Assocs. v. Paget*, No. 04 C 0557,

2005 U.S. Dist. LEXIS 32533, at *8-9 (N.D. Ill. Dec. 9, 2005) (noting the language in the Privacy Act and SCA were "admittedly very similar," but nonetheless concluding that the legislative history dictated finding that statutory damages could be awarded without proof of actual damages under the SCA).

To that end, Van Alstyne refers back to § 2707(a), which provides that any "person aggrieved" may "recover" from the violator. According to Van Alstyne, this provision means that, in order to be a person "entitled to recover" under § 2707(c), a plaintiff need only be a "person aggrieved," not a person who suffered actual damages. A closer look, however, renders this argument unpersuasive. The phrase Van Alstyne refers to provides that an aggrieved person may "recover . . . such relief as may be appropriate." 18 U.S.C.A. § 2707(a). Subsection (b) then defines appropriate relief to include preliminary and other equitable or declaratory relief and attorney's fees and costs. § 2707(b). It also provides that appropriate relief may include "damages under subsection (c)." § 2707(b)(2). Thus, a person aggrieved is not automatically a person "entitled to recover" as defined by subsection (c). Instead, a person aggrieved may recover appropriate relief, which encompasses damages *as defined and limited by subsection (c)*. The reference to a person "entitled to recover" in § 2707(c) is best read, just as in *Doe*, to refer back to the beginning of *that* sentence, that is, a person who "suffered" actual damages. That conclusion cannot be avoided by the circular logic Van Alstyne proposes.

Van Alstyne next points us to legislative history, specifically, the Senate Report that accompanied the passage of the SCA. Of course, when statutory language is plain and unambiguous—and we believe that the language of the SCA is—there is no need for recourse to legislative history. Moreover, the legislative history Van Alstyne relies on, which consists of a single sentence in the Senate Report from 1986, is not as helpful as Van Alstyne suggests and does not provide

"clearly expressed legislative intention" in conflict with our result. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). The Senate Report provides, in discussing § 2707(c), that "damages under the section includ[e] the sum of actual damages suffered by the plaintiff and any profits made by the violator as the result of the violation as provided in (c) with minimum statutory damages of $1,000." S. Rep. No. 99-541, at 43 (1986). The mere mention of "statutory damages" in the legislative history hardly works to conclusively establish that a plaintiff is entitled to minimum statutory damages absent any proof of actual damages. The same Senate Report also addresses amendments to the ECPA, specifically the remedies provision of the Wiretap Act, 18 U.S.C.A. § 2520. In describing those amendments, the Report explains,

> Proposed subsection 2520(c) provides a method for the computation of damages. The general rule is set out in paragraph (2) of subsection (c). *The court may assess damages consisting of whichever is the greater of* (A) the sum of the plaintiff's *actual damages* and any profits the violator made as a result of the violation; *or* (B) *statutory damages* of whichever is the greater of $100 a day or $10,000.

*Id.* at 27 (emphasis added).

Unlike the single sentence Van Alstyne relies upon, this portion of the Senate Report clearly specifies that a court may award, in actions under the Wiretap Act, actual damages or statutory damages. Such clear authorization is missing from the sentence quoted above addressing the SCA.

Van Alstyne next suggests that an examination of the common law roots of the SCA and the Privacy Act must lead us to a contrary conclusion. In *Doe*, after concluding that the statutory text of the Privacy Act did not support the plaintiff's position, the Court further noted that the plaintiff's argument

was also at "odds with the traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed." *Doe*, 540 U.S. at 621.

Van Alstyne contends that unlike the Privacy Act, which the *Doe* Court found akin to defamation or invasion of privacy, the SCA is analogous to the common law of trespass and that, at common law, a trespass action did not require proof of actual damages.[4] *See* Restatement (Second) of Torts §§ 158 and 163 (1965). In fact, according to Van Alstyne, damages are allowed even when a trespass actually benefits the property owner, because "[t]he wrong for which a remedy is given under the rule stated in this Section consists of an interference with the possessor's interest in excluding others from the land." Restatement (Second) of Torts § 163 cmt. d. Van Alstyne, however, conflates trespass to *land* with trespass to *chattel*, which more closely mirrors the SCA. And, at common law,

> One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if . . .
>
> (b) the chattel is impaired as to its condition, quality, or value, or
>
> (c) the possessor is deprived of the use of the chattel for a substantial time, or
>
> (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest.

---

[4]ESL and Leonard argue that the appropriate common law analogue is the same invasion to privacy tort examined in *Doe*. Because the common law of trespass does not aid Van Alstyne's argument, we have no need to opine on the precise common law analogue for the SCA.

Restatement (Second) of Torts § 218.

As the comments to sections (b) and (c) explain, "[t]he interest of a possessor of a chattel in its inviolability, unlike the similar interest of a possessor of land, is not given legal protection by an action for nominal damages for harmless intermeddlings with the chattel." Restatement (Second) of Torts § 218 cmt e. Thus, nothing in the common law of trespass to chattel alters "the traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed." *Doe*, 540 U.S. at 621.

Van Alstyne's final argument is that the *Doe* Court implicitly concluded that the SCA permits an award of statutory damages without proof of actual damage. Unfortunately for Van Alstyne, it was the *dissenting* justices in *Doe*, not the majority, that concluded the SCA permitted such an award. *See Doe*, 540 U.S. at 639-640 (Ginsburg, J., dissenting) (noting the SCA also "ha[s] been understood to permit recovery of the $1,000 statutory minimum despite the absence of proven actual damages"). Van Alstyne argues, however, that in responding to the dissent the majority in *Doe*, instead of addressing the dissent's contention, concluded "the trouble with [plaintiff's] position is its reliance on the legislative histories of completely separate statutes passed well after the Privacy Act." *Doe*, 540 U.S. at 626. According to Van Alstyne, if the SCA and the Privacy Act's remedies are similarly limited, the *Doe* Court should have said so. *See also Freedman*, 2006 U.S. Dist. LEXIS at *9 (noting "if *Doe* cited Section 2707(c) as authority for Congress' intention as to damages recoverable under the earlier enacted Privacy Act, it would have said so as dicta, instead of rejecting its history as not determinative"). Of course, the Supreme Court has "consistently refused to give" opinions "upon issues which remain unfocused because they are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of

adversary argument exploring every aspect of a multi-faced situation embracing conflicting and demanding interests." *United States v. Fruehauf*, 365 U.S. 146, 157 (1961). The *Doe* Court's refusal to interpret a statute not before it does not carry the authoritative weight Van Alstyne would prescribe it.

## C.

A "straightforward textual analysis" leads us to conclude that the district court erred in permitting the jury to award Van Alstyne statutory damages without requiring her to prove that she sustained actual damages. *Doe*, 540 U.S. at 620. Accordingly, the awards of $150,000 against Leonard and $25,000 against ESL must be vacated.

## IV.

ESL and Leonard raise two additional arguments that deserve our consideration: that, under the SCA, Van Alstyne must also prove actual damages to recover either (1) punitive damages or (2) attorney's fees. On both questions, we agree with Van Alstyne that proof of actual damages is not required before an award of either punitive damages or attorney's fees.

## A.

Although "[t]here is no established federal common law rule that precludes the award of punitive damages in the absence of an award of compensatory damages," *People Helpers Found., Inc. v. City of Richmond*, 12 F.3d 1321, 1326 (4th Cir. 1993), we have held, in accordance with "the majority rule" that, absent statutory language to the contrary, punitive damages are not recoverable absent proof of actual damage, *id.* at 1327.

The SCA, we believe, provides such language. Section 2707(c) states, "[i]f the violation [of the SCA] is willful or intentional, the court may assess punitive damages." 18

U.S.C.A. § 2707(c). This sentence lacks the limiting language associated with an award of actual damages and statutory damages, with no references to persons "entitled to recover." The sole limitation is that the violation of the SCA be "willful or intentional," a threshold which the jury found to be met in this case.

Accordingly, we find no error in the district court's award of punitive damages absent a showing of actual damages. *See Saunders*, 526 F.3d at 152-155 (approving award of punitive damages under the Fair Credit Reporting Act without award of actual damages); *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 972 (4th Cir. 1987) (noting "[a]ctual damages are not a statutory prerequisite to an award of punitive damages under the [Fair Credit Reporting Act]"). We must vacate and remand this award, however, for the district court to reevaluate in light of our ruling above that Van Alstyne was not entitled to statutory damages in this case absent proof of actual damages.

## B.

Finally, ESL and Leonard challenge the award of attorney's fees and costs to Van Alstyne. Section 2707(b)(3) provides that appropriate relief for an "aggrieved" person may include "a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C.A. § 2707(b)(3). Section 2707(c), which describes the requirements for an award of damages, concludes by noting that "[i]n the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court." 18 U.S.C.A. § 2707(c). This latter sentence, ESL and Leonard contend, limits the award of attorney's fees to individuals who prove actual damages. We disagree. Certainly, Congress could have spoken more clearly on this issue, with the reference to attorney's fees and costs in subsection (c) seemingly superfluous in light of subsection (b)(3). We conclude, however, that § 2707(b)(3) authorizes an

award of attorney's fees as appropriate relief apart from any requirement that damages, actual or otherwise, be recovered.

Nonetheless, like the award of punitive damages, we must vacate the award of attorney's fees and costs for the district court's further consideration in light of Van Alstyne's lower degree of success. *See, e.g.*, *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (noting, in interpreting 42 U.S.C.A. § 1988, "the degree of the plaintiff's overall success goes to the reasonableness of a fee award. . . ." (internal quotation marks omitted)).

## V.

We agree with Leonard and ESL that the SCA, containing language in all material respects identical to the Privacy Act, cannot be read to permit an award of statutory damages absent proof of actual damages. We accordingly vacate the statutory damages awards against Leonard and ESL and remand the case for further proceedings. Although we agree with Van Alstyne that proof of actual damages is not a prerequisite to recovery of punitive damages or attorney's fees and costs, we vacate those awards for the district court's reconsideration in light of our ruling that Van Alstyne was not entitled to statutory damages. We express no opinion as to whether Van Alstyne, at this late stage, may yet again amend her complaint to plead actual damages.

*VACATED AND REMANDED WITH INSTRUCTIONS*