DAMON J. KEITH, Circuit Judge,
dissenting.
I respectfully dissent. In my view, the district court judge properly exercised his *529 discretion in performing the required ga-tekeeping duties under Rule 702 when he excluded Ruel’s testimony on the basis that it did not “fit” the facts of this ease and, therefore, did not satisfy the relevancy requirement of Rule 702. The majority disregards this lack of fit, concluding that despite the vast differences between Ruel’s “theory” and Plaintiffs actual account of his actions, Ruel’s testimony is nevertheless relevant. But Daubert does not require that a trial judge open the gate to all speculation, especially speculation from an expert who openly admitted that he disregarded the Plaintiffs account of the events in reaching his hypothesis. Thus, for the following reasons, I would AFFIRM the decision of the district court.
This Court reviews the trial court’s decision to admit or exclude expert testimony for abuse of discretion. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). In order to find an abuse of discretion, we must be “firmly convinced” that a mistake has been made. United States v. Williams, 952 F.2d 1504, 1518 (6th Cir.1991). Indeed, the district court has broad discretion as a gatekeeper to determine the admissibility of scientific testimony. Pride v. BIC Corp., 218 F.3d 566, 577-78 (6th Cir.2000).
Under Rule 702, a witness may offer specific, technical, scientific, or other specialized testimony only if the following three requirements are met: (1) the witness is qualified by knowledge, skill, experience, training, or education; (2) his testimony is relevant; and (3) his testimony is reliable. In re Scrap Metal Antitrust Litig., 527 F.3d 517, 528-29 (6th Cir.2008). The “relevancy” prong of Rule 702 requires that an expert’s theory adequately “fit” the facts of the case. See Daubert, 509 U.S. at 591, 113 S.Ct. 2786. Expert testimony that does not fit the facts does not relate to an issue in the case and, therefore, is not relevant.[1] Id.
The district court judge found that Ruel’s testimony did not “fit” the facts of the case:
Lee testified he had no difficulty whatsoever firing the gun a third time. He even denied what Ruel speculates he did: Try, but fail, to pull the trigger. In fact, Lee said everything was exactly the same as when he fired the first two shots. Lee also testified, contrary to Ruel’s theory, that the cylinder was closed when he fired the third round. In addition, Lee’s demonstration, as depicted in a photograph included in Defendant’s brief, makes clear that he never touched he thumb piece during the firing sequence, as Ruel speculates he did.
(internal citations omitted). R. 52, at 2, Memorandum of Opinion.
I agree that this was the right conclusion. In conducting his gatekeeping function, the judge may exclude testimony which he does not believe is “sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.” LeBlanc, 45 Fed.Appx. at 400 (quoting United States v. Downing, 753 F.2d 1224, 1242 (3d Cir.1985)). Several cases have held that a judge is well within her discretion to exclude potential testimony which she believes does not fit the facts of the case and is contradicted by the available *530 testimony. See, e.g., Mohney v. USA Hockey, Inc., 138 Fed.Appx. 804, 809 (6th Cir.2005); Pride, 218 F.3d at 572;[2] Fuesting v. Zimmer, Inc., 421 F.3d 528, 535-36 (7th Cir.2005), vacated in part on other grounds, 448 F.3d 936 (7th Cir.2006); J.B. Hunt Transport, Inc. v. General Motors Corp., 243 F.3d 441, 444 (8th Cir.2001); Cipollone v. Yale Indus. Products, Inc., 202 F.3d 376, 379 (1st Cir.2000); Bradley v. Armstrong Rubber Co., 130 F.3d 168, 176-78 (5th Cir.1997); Guillory v. Domtar Industries Inc., 95 F.3d 1320, 1330 (5th Cir.1996); Lava Trading, Inc. v. Hartford Fire Ins. Co., 03 CIV. 7037(PKC), 2005 WL 4684238, at *21 (S.D.N.Y. Apr. 11, 2005); Reali v. Mazda Motor of Am., Inc., 106 F.Supp.2d 75, 78 (D.Me.2000); cf. Bogosian v. Mercedes-Benz of No. America, Inc., 104 F.3d 472, 479 (1st Cir.1997) (excluding as irrelevant expert testimony because in performing test the expert “did not, in any way, attempt to replicate the known facts surrounding the injury-producing event”).
Ruel’s theory posits that Lee was mistaken about whether he fully closed the gun’s cylinder, which would ostensibly be relevant in determining whether the gun was defective. Although certainly a possibility, the trial judge is not required to navigate the outer-most bounds of speculation, especially where the facts of the case do not support the hypothesized condition. Particularly probative is Ruel’s imputation that Lee deliberately manipulated the firearm — and in a highly unusual manner— both of which are wholly unsupported by the record.[3] This key incongruity, in light of the extensive case law in support, convinces me that the trial judge did not abuse his discretion in excluding the testimony under his “gatekeeping” duties. Indeed, “[njothing either in Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to the existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.” General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). To find an abuse of discretion where a judge refuses to accept such a great analytical gap, as was done here, runs the risk of creating a one-size-fits-all standard of expert evidence that makes the relevancy requirement a nullity. Ruel’s theory fit a “set” of facts but not the facts at bar. As such, I would conclude that, on these grounds, the judge did not abuse his discretion in excluding the expert testimony and affirm the decision of the district court.

. Although a relevance issue, the standard for fit is "higher than bare relevance.” In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 745 (3d Cir.1994). In short, under Daubert and its progeny, a party proffering expert testimony must show by a "preponderance of proof” that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case. Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir.2000); see also United States v. LeBlanc, 45 Fed.Appx. 393, 400 (6th Cir.2002).

. Pride is particularly instructive. Thai case concerned a mishap of a BIC lighter, which unexpectedly exploded, causing the plaintiffs death. One of the plaintiffs' experts testified that "that the globe seal was 'cockeyed' when the lighter left the manufacturer, that the misaligned seal permitted a fuel leak that caused the lighter to fail to extinguish, and that the failure to extinguish caused the conflagration that killed Mr. Pride.” Id. at 578. However, other testimony supported a theory that "that the globe seal was properly aligned when the lighter was manufactured.” Id. at 574, 578. We held that, where the theory is “contradicted by the testimony of one of Pride’s other experts and by laboratory tests,” the scientific testimony does not " 'fit' the facts of the case,” and the trial judge's decision to exclude the testimony should be undisturbed. Id. at 577-78.

. In order to simultaneously a) hold the thumb piece rearward, b) cock the hammer, and c) pull the trigger, Lee would have to make a truly unusual hand maneuver, which is controverted by the manner in which Lee stated that he held the gun. See R. 46-9, Deposition Transcript of Mark Lee, Page ID # 1036-37.