# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2020

Lyle W. Cayce
Clerk

No. 20-50080

Alison Hovanec,

*Plaintiff—Appellant*,

*versus*

Traci Miller,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-766

Before Graves, Costa, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Alison Hovanec and Traci Miller were close friends for three years. Now they have been mired in a lawsuit that has lasted the length of their friendship. Hovanec believes that Miller hacked Hovanec's iCloud account and sent her disparaging emails from an "alisontheloser" Google profile. So

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50080

she sued Miller in federal court,[1] asserting violations of the Computer Fraud and Abuse Act and the Stored Communications Act, as well as several state tort-law claims.

Hovanec requested $1 million for mental anguish and time and money spent investigating the hack. But she struggled to produce evidence of damages. Her initial disclosures did not list a damages theory or estimate any losses, and she failed to answer basic questions about damages during her deposition.

After discovery closed, Miller moved for summary judgment based on a lack of damages. Hovanec responded that she did indeed suffer harm. And she submitted an affidavit that, in her view, detailed her investigation of the hack and mental anguish that resulted from the disparaging emails.

The district court initially denied Miller's motion, concluding that the affidavit was "sufficient to raise a fact issue on . . . mental anguish damages." But it later ruled that Hovanec's affidavit failed to show that she lost any money responding to the hack. It also excluded the affidavit's discussion of mental anguish as a discovery sanction. FED. R. CIV. P. 37(c)(1). The court then rejected Hovanec's argument that she could pursue a Stored Communications Act claim without actual damages and granted summary judgment to Miller.

On appeal, Hovanec primarily argues that the district court abused its discretion in excluding her evidence of mental-anguish damages. We affirm for a different reason: even considering the affidavit in its entirety, Hovanec

---

[1] Hovanec also sued her ex-husband, Moises Luevano, for allegedly hacking into her AOL account. The district court dismissed the claims against him based on an arbitration agreement that he entered into with Hovanec during their divorce proceedings. Hovanec did not appeal that dismissal.

has no evidence of damages. *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000) (explaining that we "may affirm on any grounds supported by the record").

Hovanec's affidavit runs 28 pages. She points to the last four paragraphs as evidence of the mental anguish Miller allegedly caused. But those paragraphs have little, if anything, to do with the iCloud hack or disparaging emails. They instead accuse Miller of, among other things: "manipulat[ing] situations with my employment, my friends, my coworkers, [and] my divorce"; "interfer[ing] with the relationship with my children"; "colluding with my ex-husband"; and "spread[ing] allegations about me to taint my relationship with the children's school and with Child Protective Services." And without mentioning the iCloud hack or disparaging emails, the affidavit devotes only one sentence to damages: "I will never be the same person I was before I met . . . Miller and will have a life long struggle with Post Traumatic Stress Disorder[,] . . . mental anguish, isolation, sorrow, fear, humiliation and constant distress."

Even viewed in the light most favorable to Hovanec, the affidavit does not connect any damages for mental anguish to the incidents giving rise to this suit.[2] That lack of causation is critical. It means that Hovanec failed to create a fact issue showing that the allegedly unlawful conduct caused damages. *See Johnson v. Ocwen Loan Servicing, L.L.C.*, 916 F.3d 505, 509–10

---

[2] We therefore assume *arguendo* that Hovanec's affidavit provides sufficient detail about her mental anguish. Miller argued otherwise in the district court, and at best for Hovanec that issue presents a close call. *See Miller v. Raytheon Co.*, 716 F.3d 138, 147 (5th Cir. 2013) (noting that "[a] plaintiff's conclusory statements that he suffered emotional harm are insufficient" to support an award of mental-anguish damages); *Brady v. Fort Bend Cty.*, 145 F.3d 691, 718 (5th Cir. 1998) ("[T]here must be a specific discernable injury to the claimant's emotional state, proven with evidence regarding the nature and extent of the harm." (quotations omitted)). We need not decide the question, however, because we find no evidence linking the mental anguish to the hacking and emails.

(5th Cir. 2019) ("Johnson did not connect her alleged [mental-anguish] damages to the letters threatening foreclosure that are the basis for this particular claim."); *L & F Homes & Dev., L.L.C. v. City of Gulfport*, 538 F. App'x 395, 408 (5th Cir. 2013) (per curiam) ("There is insufficient evidence to raise a genuine dispute of material fact that Mitrenga's mental anguish was caused by Gulfport's alleged underlying unlawful conduct . . . .").

Hovanec acknowledges that most of her claims—those arising under the Computer Fraud and Abuse Act and state law—require actual damages. So our conclusion that she has not created a fact issue on that element supports the grant of summary judgment on those claims.

But Hovanec argues that the Stored Communications Act allows plaintiffs to recover statutory damages even in the absence of actual damages. Under the Act, a "court may assess as damages . . . the sum of the actual damages suffered by the plaintiff[,] . . . but in no case shall a person entitled to recover receive less than the sum of $1,000." 18 U.S.C. § 2707(c). Two courts of appeals have construed that language. In thorough, well-reasoned opinions, both concluded that parties must prove actual damages to obtain the $1,000 award. *See Vista Mktg., LLC v. Burkett*, 812 F.3d 954, 964–975 (11th Cir. 2016); *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 204–208 (4th Cir. 2009). The Fourth and Eleventh Circuits recognized the similarity of the Stored Communications Act's statutory damages provision to that of the Privacy Act, which the Supreme Court held requires actual damages before the statutory minimum kicks in. *See Vista Mktg., LLC*, 812 F.3d at 965–67; *Van Alstyne*, 560 F.3d at 205 (both citing *Doe v. Chao*, 540 U.S. 614 (2004)). Among other things, *Doe* recognized that the phrase "person entitled to recovery" refers back to a plaintiff who suffers "actual damages." 540 U.S. at 620 (quoting 5 U.S.C. § 552a(g)(4)(A)). The same link appears in the Stored Communications Act. *See* 18 U.S.C. § 2707(c) ("person entitled to recover").

No. 20-50080

The Fourth and Eleventh Circuits' opinions are convincing. Hovanec cannot, therefore, maintain a claim under the Act without actual damages. And since she has none, we AFFIRM the district court's judgment.