**Vance SMITH, Plaintiff-Appellant,**

v.

**MINE SAFETY APPLIANCES COMPANY, American Optical Corporation, et al., Defendants-Appellees.**

No. 82–3553.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1982.

Bruno, Bruno & Blouin, Joseph M. Bruno, New Orleans, La., for plaintiff-appellant.

James Selman, New Orleans, La., for Mine Safety Appliances.

Daniel J. Caruso, New Orleans, La., for American Optical Corp.

Thomas E. Loehn, New Orleans, La., for Avondale.

Borrello & Huber, Bruce J. Borrello, Metairie, La., for Jack Cocke & Co.

Alan Dean Weinberger, William S. Marshall, Jr., New Orleans, La., for D.A. Krenz, et al.

*On Motion of One Appellee to Dismiss the Appeal as Against It*

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

Jack Cocke & Company ("Cocke"), one of numerous defendants-appellees, moves to dismiss the plaintiff Vance Smith's appeal as against it. Finding that Smith's appeal was not timely as against this defendant, we grant Cocke's motion.

The plaintiff Smith's suit as against the defendant Cocke was dismissed by judgment signed and filed on December 29, 1981. The judgment dismissing Smith's claim against Cocke was entered by the clerk on January 5, 1982. See Fed.R.Civ.P. Rules 58(2), 79(a). The judgment notes that the court expressly determined that there was no just reason for delay in the entry of final judgment dismissing this claim, and the judgment was accordingly at

the express direction of the direction entered as a final judgment, as authorized by Fed.R.Civ.P. 54(b).

The plaintiff Smith did not file any notice of appeal from this final judgment in favor of Cocke until August 26, 1982, some eight months later, subsequent to a dismissal of his claims as to various other defendants. In filing his August 1982 notice of appeal from the rulings of the district court dismissing his claims against numerous defendants, the plaintiff Smith listed Cocke as one of the defendants-appellees whom Smith claimed had erroneously been dismissed from the suit.

Under Fed.R.App.P. 4(a)(1), a party desiring to appeal an adverse ruling in a civil case must file a notice of appeal with the district court within thirty days after the date of entry of the final judgment appealed from. For purposes of appealability, a judgment entered pursuant to a Rule 54(b) is a final judgment, and an appeal must be taken within thirty days after its entry. *A.O. Smith Corporation,* 647 F.2d 118 (10th Cir. 1981). In accordance with the purpose of the rule, "once there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run." 10 Wright and Miller, Federal Practice and Procedure, § 2661 at p. 90 (1973). See also, § 2654.

Accordingly, since the notice of appeal here filed on August 26, 1982 was untimely as filed more than thirty days after entry on January 5, 1982 of the final judgment in favor of Kael Cocke & Company, Inc. filed on December 29, 1981, we DISMISS the plaintiff Smith's appeal insofar as it concerns the dismissal of his suit against that defendant.

APPEAL DISMISSED AGAINST ONE DEFENDANT–APPELLEE.