Thomas C. GRANACK and Janet Granack, Plaintiffs–Appellants,

v.

CONTINENTAL CASUALTY CO., Defendant–Appellee.

No. 91–3641.

United States Court of Appeals, Seventh Circuit.

Argued April 28, 1992.

Decided Oct. 20, 1992.

Rehearing and Rehearing In Banc Denied Dec. 28, 1992.

David W. Weigle (argued), O'Connor & Weigle, Hammond, Ind., for plaintiffs-appellants.

Samuel J. Furlin (argued), Robert D. Brown, Tammy S. Sestak, Spangler, Jennings & Dougherty, Merrillville, Ind., for defendant-appellee.

Before MANION, Circuit Judge, FAIRCHILD and WOOD, Jr., Senior Circuit Judges.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Plaintiffs Thomas and Janet Granack appeal from a grant of summary judgment in favor of defendant Continental. We reverse and remand for further proceedings.

## BACKGROUND

This case involves the scope of post-termination coverage under a group health insurance policy issued to Thomas and Janet Granack by Defendant Continental Casualty Company through the Indiana Bar Association in January 1986. Upon the request of Thomas Granack, Continental cancelled all of his coverage effective May 1, 1989 and Granack obtained a less expensive policy from Time Insurance.

In December 1989, Janet Granack was diagnosed as having advanced cirrhosis of the liver. She underwent a liver transplant and incurred medical expenses in excess of $300,000. Whether Janet suffered from cirrhosis before the termination of coverage is a question of fact unresolved by the district court. Continental refused to cover these expenses because they were incurred after the policy was terminated. The Granacks then filed this diversity action against Continental and Time Insurance.

The Granacks filed a motion for partial summary judgment asking the court to determine whether Continental was required to pay for the expenses incurred subsequent to termination if those expenses resulted from a sickness commencing during the Continental policy. Continental filed a cross motion for summary judgment.

The district court granted summary judgment in favor of Continental, holding that the insurance policy required Continental to indemnify only for expenses incurred during the span of the policy. Because the expenses in question were incurred after termination, the court held that Continental was entitled to judgment as a matter of law.

## ANALYSIS

### I. Jurisdiction

Continental challenges the jurisdiction of this court, arguing that the Granacks did not file a timely notice of appeal.[1] The district court's August 14, 1991 grant of summary judgment in favor of Continental

did not adjudicate all the claims and liabilities of all the parties. Continental therefore moved the court to direct the entry of a final judgment pursuant to Fed.R.Civ.P. 54(b). On August 22, 1991, the court purported to enter a final judgment pursuant to Rule 54(b).

On September 12, 1991, the Granacks filed their Notice of Appeal and Jurisdictional Statement. After being ordered by this court to file a jurisdictional memorandum addressing the issue of finality, the Granacks filed a motion for voluntary dismissal which was granted October 18, 1991. On November 6, 1991, the district court dismissed Time from the suit with prejudice thus concluding the litigation. On November 13, 1991, the Granacks filed a second notice of appeal.

■ Continental contends that the August 22, 1991 order was a final appealable order and that therefore the November 13, 1991 notice of appeal was untimely. However, a partial final judgment under Rule 54(b) must contain "an express determination that there is no just reason for delay." The operation of Rule 54(b) is mechanical, and if the judgment does not contain an express statement, it is not final. *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 623–24 (7th Cir.1986).

■ The August 22, 1991 order does not contain such an express determination. The critical part of the order states,

The Granacks' lawsuit against Continental is based upon an insurance policy which lapsed on May 1, 1989. Their claim against Time is based upon a separate insurance policy which was in effect in December, 1989. The claims are legally and factually distinct, and the trial involving the Time insurance policy will not affect the issues resolved by the August 14 Order. Therefore, Continental is entitled to a final judgment under Rule 54(b).

For the foregoing reasons, the Motion for a Final Appealable Judgment Pursu-

---

1. Continental brought a motion to dismiss the appeal for lack of jurisdiction which was denied

on December 31, 1991.

ant to Federal Rule of Civil Procedure 54(b) filed by (Continental) ... is GRANTED.

This is not an adequate Rule 54(b) certification. Continental argues that because the court's order was premised on Continental's motion to make a finding of no just reason for delay, an express determination was implicitly incorporated into the order. By definition, an express determination cannot be made implicitly. A court's intention to enter an express determination, "is irrelevant absent an express determination." *Principal Mut. Life Ins. v. Cincinnati TV 64 Ltd. Partnership*, 845 F.2d 674, 677 (7th Cir.1988).

Our holding is not in conflict with an earlier decision of this court in *Local P–171 v. Thompson Farms Co.*, 642 F.2d 1065 (7th Cir.1981) in which this court raised the jurisdiction issue, but accepted jurisdiction of a faulty appeal attempt. That case involved among other things the district court's nunc pro tunc addition of the Rule 54(b) certification language entered after the notice of appeal. The case has narrow application as the court explicitly limited its holding to "the circumstances of this case." *Id.* at 1069. In the present case there was no general understanding among the parties that the August 22, 1991 order was intended to be and was a final and appealable order. The Granacks subsequently determined it was not. The parties, however, do not alone determine this court's jurisdiction, but may help in some cases in determining the meaning of the trial court's incomplete certification. This court in this present case has little leeway to manipulate the circumstances to find that the August 22, 1991 order was a final appealable order. It should be easy enough to follow the directions in the rules so that these troubling jurisdictional questions need not arise.

 Continental further contends that by quoting Rule 54(b), the district court made an express determination. However, the context in which Rule 54(b) is quoted does not constitute an express determination. The court merely set out the language, then proceeded to enter judgment

based on the fact that the Granacks' claim against Continental was distinct from their claim against Time.

Because the August 22, 1991 order was not a final appealable order, the Granacks could not appeal until after the November 6, 1991 order dismissing Time Insurance. Consequently, their notice of appeal was timely.

## II. The Merits

We review a grant of summary judgment *de novo* drawing all reasonable inferences in favor of the non-moving party. *Santella v. Chicago*, 936 F.2d 328, 331 (7th Cir. 1991). Summary judgment will be upheld if the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The parties agree that Indiana law governs their dispute.

The central issue on appeal is what triggers liability. If the policy insures against sickness, then coverage vested upon the occurrence of sickness. If the policy insures against expenses, coverage ceased upon termination of the policy. *See Mote v. State Farm Mut. Auto. Ins. Co.*, 550 N.E.2d 1354, 1356–57 (Ind.Ct.App.1990) (analyzing whether "accidental injury" or "expenses" vests coverage). The Granacks contend that the language of the policy is ambiguous and therefore must be liberally construed in favor of the insured. Continental contends that the language unambiguously covers only expense incurred during the life of the policy.

The resolution of this issue centers on the construction of the following portions of the insurance policy:

INTRODUCTORY CLAUSE: ... subject to all the provisions, definitions, limitations and conditions of this policy (Continental) promises to pay for loss resulting from injury or sickness ...

DEFINITIONS: "Sickness" wherever used in this policy means sickness or disease which causes loss covered by this policy commencing while this policy is in force as to the person whose sickness is the basis of the claim.

Amendment Rider: Part II entitled "BENEFITS AND CONDITIONS" is deleted and the following substituted therefor: When as the result of Injury or Sickness and commencing while this policy is in force as to such person, the Insured Person incurs expenses listed in Part III, the Company will pay 80% of the Covered Expenses which are in excess of the deductible....

 Because *Mote* is the only Indiana case to assist in the analysis, we follow the lead of the *Mote* court and compare these provisions with those in the *Mote* case as well as cases in other jurisdictions. *Mote,* 550 N.E.2d at 1359. It is well settled that ambiguous language in an insurance policy must be strictly construed against the insurer, *id.* at 1359, and therefore the presence or absence of ambiguity is the crucial inquiry. An ambiguity exists in an insurance contract when reasonable people could differ as to its meaning. *Id.* at 1357.

Continental contends that according to rules of grammar and syntax, the policy unambiguously insures only against expenses. We think otherwise. Our review of the provisions in the Continental policy leads us to conclude that it can be read as covering either "expenses" or "sickness." The first ambiguity occurs in the Definition provision. The word "commencing" can be read as modifying either "loss" or "sickness." The district court held that this provision unambiguously defined coverage in terms of "loss ... commencing" because "loss" was closer in proximity to "commencing" than "sickness." We do not find this reasoning persuasive.

We must construe this policy through the eyes of a reasonable person. Even if this insurance contract was a paradigm of proper English—which it is not—a reasonable person would read the sentence as a whole and not seek its meaning through proximity of words. Moreover, in *Houghton v. American Guaranty Life Insurance Co.,* 692 F.2d 289, 292–93 (3d Cir.1982), the

court found substantially similar language ambiguous, and the Indiana court in *Mote* cited *Houghton* with approval. *Mote,* 550 N.E.2d at 1357. *See also Boudreaux v. Fireman's Fund Ins. Co.,* 654 F.2d 447, 449 (5th Cir.1981) (finding substantially similar language ambiguous). Continental also contends that "commencing" cannot modify "sickness or disease" because such a reading would be grammatically incorrect. Although the sentence and its clauses may be awkward and clumsy, no grammatical error results from either reading.

The benefits provision reinforces rather than clarifies the ambiguity created by the definition provision. Continental contends that the word "and" should be read as conjoining two phrases which modify "expenses." According to this argument, the coverage occurs when expenses 1) result from injury or sickness *and* 2) commence while the policy is in force. However, "and commencing while this policy is in force" can just as easily be read as modifying "sickness." The comma which separates the first two clauses from the third arguably functions to separate two ideas and thus "commencing" can logically modify "sickness." *See id.* at 448–49.[2]

Moreover, the term "loss" is never defined in the policy. From the introductory provision and the definition of "sickness," we infer that loss results from sickness and sickness causes loss, but nothing further. In *Houghton,* the court noted that such "semantic circuity" enhanced existing ambiguities in the contract. 692 F.2d at 293. Like the policy in *Houghton,* "loss" is a critical term but the policy fails to give it clear and independent meaning.

Continental contends that the Reinstatement provision is further evidence of the unambiguous intent of the policy to cover only expenses incurred during the life of the policy. The Reinstatement provision provides that a reinstated policy only covers "loss due to such sickness as may begin more than ten days after such date." This

---

**2.** Paradoxically, Continental's method of interpreting the Definitions provision works against it when reviewing the Benefits provision. Applying its argument in the Definitions provision,

"and commencing" must modify "sickness" because it is closer to "sickness" than to "expenses."

provision simply defines the coverage of a reinstated policy; it is irrelevant to the issue of post-termination coverage. The Reinstatement provision actually cuts in favor of the Granacks because coverage is unequivocally defined in terms of commencement of sickness.

The fact that the Granacks voluntarily terminated the policy is also beside the point. The issue for summary judgment is the scope of the terminated policy. Because the policy is ambiguous, it must be construed as covering sickness commencing while the policy is in force. If the Granacks ultimately prevail, they will not have received coverage without having to pay a premium. On the contrary, they will have received exactly what they were entitled to under the terminated policy.

## CONCLUSION

Because the Continental policy can be reasonably read to insure against either "sickness" or "expenses," it must be interpreted in favor of the insured. Consequently, Continental is required to pay for any expenses incurred subsequent to termination if they resulted from a sickness commencing during the life of the policy.

The Granacks' motion for partial summary judgment should have been granted, and the district court erred in entering summary judgment in favor of Continental. Whether Mrs. Granack's expenses were the result of a sickness commencing during the policy is a question of fact which will be determined by the district court.

The district court's judgment is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.