991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudy SANGSTON, Plaintiff-Appellant,
v.
RIDGE COUNTRY CLUB, John R. Kelly, Richard T. Ryan, et al.,
Defendants-Appellees.
 No. 92-3994.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 16, 1993.*
Decided April 22, 1993.
 
 Before CUMMINGS, FLAUM, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The parties first raise and argue a jurisdictional problem in their respective briefs. Our review of the issue leads us to conclude that we have no jurisdiction over this appeal.
 
 
 2
 Judge Marovich dismissed with prejudice nine counts of plaintiff's ten-count amended complaint. The remaining count (a claim for breach of an employment contract), however, was dismissed without prejudice. The court entered a judgment that recited the disposition of plaintiff's claims in like manner. Instead of seeking leave to amend, plaintiff appealed the dismissal of the ten-count amended complaint. He also filed a new lawsuit in the district court alleging breach of the same employment contract that was the subject of his ten-count complaint. The new case has since been transferred to, and is pending before, Judge Marovich.
 
 
 3
 The dismissal of a claim without prejudice may prevent a final appealable judgment in a multiple-claim case if it is not clear that the claim has finally been decided. J.I. Case Credit Corp. v. First National Bank of Madison, County, No. 91-3531, slip op. at 5 (7th Cir. April 19, 1993). Plaintiff's claim for breach of an employment contract was dismissed because plaintiff did not attach a " 'writing' to his complaint to satisfy the requirements of the Statute of Frauds." Judge Marovich more than suggested that an amendment may save this claim, stating that "the minutes that Sangston has produced to serve as 'the writing' were not attached to the original complaint, and as such, they are not available to the court when ruling on defendants' motion to dismiss." Therefore, it is not at all clear that the district court had concluded that " 'the action could not be saved by an amendment of the complaint.' " Principal Mutual Life Insurance Co. v. Cincinnati TV 64 Limited Partnership, 845 F.2d 674, 676 (7th Cir.1988) (citations omitted).
 
 
 4
 Of course, a judgment that disposes of fewer than all claims in a multiple-claim case may be appealed, provided the district judge makes an express determination that there is no just reason to delay entry of judgment and directs the clerk to enter the judgment. Fed.R.Civ.P. 54(b). The operation of Rule 54(b) is mechanical. No express statement, no appellate jurisdiction. Granack v. Continental Casualty Co., 977 F.2d 1143, 1144 (7th Cir.1992). Although plaintiff asked the district court to enter a partial judgment under Rule 54(b), the court did not make the required findings for an immediate appeal.
 
 
 5
 This appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record