**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010[*]
Decided November 4, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-1796

| | |
|---|---|
| CHRIS J. JACOBS, III, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CV-42 |
| TRACY GERBER, et al., | J.P. Stadtmueller, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Chris Jacobs, an inmate at the Wisconsin Secure Program Facility, filed suit under 42 U.S.C. § 1983, claiming that beginning in 2007 three prison employees—Pamela Bartels, Christine Beerkircher, and Tracy Gerber—prevented him from filing internal grievances and denied him access to the courts. The district court granted summary judgment first to Bartels, finding that she had stopped working at the prison five years before the alleged

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

constitutional violations occurred.  Several months later the court granted summary judgment for Gerber and Beerkircher.  We affirm the judgment of the district court.

We first address a threshold dispute regarding the scope of this appeal.  Gerber and Beerkircher contend that we should ignore Jacobs's challenge to the grant of summary judgment to Bartels because Jacobs already contested that decision with an earlier appeal.  *See Jacobs v. Gerber*, No. 09-3250 (7th Cir. docketed Sept. 10, 2009) (dismissed on November 3, 2009, for failure to pay docketing fee).  But when the district court granted summary judgment for Bartels, that ruling was not then appealable because the claims against Gerber and Beerkircher remained pending, and the court did not certify its ruling for immediate appeal.  *See* FED. R. CIV. P. 54(b); *Granak v. Cont'l Cas. Co.*, 977 F.2d 1143, 1144-45 (7th Cir. 1992).  Because we had no jurisdiction to decide the merits of Jacobs's earlier appeal, his prior filing does not limit the current appeal.

On the merits of the claim against Bartels, we can be brief.  Bartels submitted an affidavit explaining that she could not have committed the constitutional violations that Jacobs says started in 2007 because she stopped working at the prison in 2002.  Jacobs did not produce any evidence to dispute Bartels's affidavit.  Thus summary judgment in favor of Bartels was proper.

That brings us to Jacobs's claims against Beerkircher.  Beerkircher was a complaint examiner for the Inmate Complaint Review System.  Jacobs contends that she routinely refused to process his complaints and she denied him inmate-grievance forms.  Because 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing suit, Jacobs argues that Beerkircher impaired his ability to pursue his legal claims.  In her motion for summary judgment, Beerkircher attested that she rejected Jacobs's complaints only when he refused to comply with the prison's procedures for filing complaints, and she limited his access to complaint forms because Jacobs filed an excessive number of noncompliant grievances.  Specifically, between May 2007 and May 2008, Beerkircher denied over 800 of his complaints, citing repeated procedural defects in his claims.  (Over 130 of Jacobs's complaints were accepted after he followed the proper procedures.)  Another complaint officer reported that Jacobs improperly submitted 55 complaints in one week.  Beerkircher further explained that, because Jacobs abused the system, she restricted him to 10 grievance forms per week, but even then he could receive additional forms for issues concerning his health or safety.  He received his 10 forms each week, except in those weeks when he had already filed more than 10 complaints before receiving his forms.  But even the restriction, Beerkircher said, had little effect, and the warden sent Jacobs two letters, admonishing him for his continued violations of the grievance procedures.  In response to this evidence from Beerkircher, Jacobs conceded that he filed even more complaints than those described by Beerkircher, often submitting them on improper forms.  He resorted to

improper forms because Beerkircher did not always provide him with the promised complaint forms each week, but he did not dispute her reasons for restricting his use of the system.

The district court granted Beerkircher's motion because Jacobs had not submitted evidence that Beerkircher had impeded any nonfrivolous lawsuits. Jacobs's "conclusory allegations" that he "had lawsuits dismissed" were not enough because, of all of the suits Jacobs litigated during 2007 and 2008, none were dismissed for failure to exhaust.

We review the district court's grant of summary judgment to Beerkircher de novo, drawing all reasonable inferences in favor of Jacobs. *See Crews v. City of Mt. Vernon*, 567 F.3d 860, 864 (7th Cir. 2009). To establish his claim that Beerkircher denied him access to the courts, Jacobs must show that, by preventing him from filing grievances to exhaust his administrative remedies, Beerkircher impeded his litigation of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 352-53 (1996); *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). Furthermore, the exhaustion of administrative remedies requires prisoners to follow the procedures established by the state for processing grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002). Based on the mountain of evidence that Beerkircher submitted showing that Jacobs regularly violated these procedures, coupled with Jacobs's own concession that he frequently filed excessive complaints on improper forms, it was Jacobs, not Beerkircher, who impeded his litigation. In any event, Jacobs offered no evidence that any of his cases were dismissed for failure to exhaust, so Jacobs has not shown an actual injury.

Last, we come to Jacobs's claims against Gerber. Jacobs argues that Gerber denied him access to the courts by interfering with his use of Wisconsin's loan program for inmate litigation. Wisconsin's program provides indigent inmates up to $200 each year for certain litigation-related expenses, such as paper, photocopies, and postage. *See* WIS. ADM. CODE § 309.51. To use the program, inmates must complete a loan application each year, and, if approved, they can access the funds by submitting disbursement requests to the prison's business office. Inmates are limited to one disbursement request per week to ensure that the business office is not overburdened. Under the program, participating inmates receive paper specially marked as "legal correspondence," which they may use only for "correspondence to courts, attorneys, parties in litigation, the Inmate Complaint Review System, or the parole board." § 309.51. Apart from the program, all inmates also receive a weekly allowance of writing materials and postage, which can be used for any purpose.

Jacobs took advantage of the loan program in 2007 and 2008 to subsidize several suits he filed in federal court. But, he maintains, Gerber frustrated his litigation by improperly denying many of his requests for copies, supplies, and postage, and by

suspending his loan privileges three times after wrongly accusing him of misusing his legal correspondence materials. He insists that he used the legal correspondence materials for letters that were "legal in nature." In her motion for summary judgment, Gerber answered that, as a financial specialist in the business office, she found that Jacobs refused to follow the prison's procedures for submitting disbursement requests, repeatedly used the materials obtained through the program for unauthorized purposes, filed excessive requests with the business office, and quickly exhausted his available loan funds each year because of his frequent litigation. Gerber warned Jacobs that his misuse of the loan program would lead to a suspension of his privileges, and notified him each time his abuses had finally crossed the line. The district court granted Gerber's motion, finding that Jacobs had again failed to offer evidence of an actual injury resulting from Gerber's alleged misconduct.

Unlike his claims against Beerkircher, Jacobs identifies two cases when Gerber's actions supposedly harmed his ability to pursue his legal claims. But neither case supports an actual injury. In one case Jacobs argues that a court dismissed his case after Gerber had denied his request to copy medical records. But that case was dismissed because Jacobs refused to comply with the court's order to provide defendants with a signed authorization to review his medical records. Jacobs contends that, in the other case, Gerber refused to provide him with postage to mail his notice of appeal, and his appeal was later dismissed as untimely. But Jacobs has not explained why that earlier appeal had any merit, and without such an explanation, we cannot say that he was injured by the dismissal, even if Gerber's actions interfered with his ability to file a notice of appeal. *See Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995). In any event, Jacobs is not constitutionally entitled to a state-supplied subsidy to prosecute his civil suits and file his appeals. *United States v. Kras*, 409 U.S. 434 (1973); *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002). Because Wisconsin is under no constitutional duty to maintain its inmate-loan program, the prison may condition the receipt of funds on acceptable behavior. *See Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986). Although Jacobs may disagree with those conditions, Gerber's enforcement of the prison's procedures does not itself deny Jacobs access to the courts.

Jacobs also argues that Gerber seized his outgoing legal mail in violation of his rights under the First Amendment. But the alleged violation concerns Gerber's refusal to supply postage for Jacobs's notice of appeal. Although the district court analyzed this as a separate claim for interference with his legal mail, Jacobs's arguments are better understood as the access-to-court claim that we have rejected.

Finally, we advise Jacobs that he has accrued more than three strikes under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). He incurred two strikes for filing frivolous suits in district court. *See Jacobs v. Prison Record Dep't*, No. 3:10-cv-00140 (E.D. Wis.

May 7, 2010) (dismissing state-law claim for lack of subject-matter jurisdiction); *Jacobs v. Frank*, No. 2:07-cv-00055 (E.D. Wis. Apr. 23, 2007) (dismissing complaint for failure to state a claim). He earned another strike for taking a frivolous appeal from the second dismissal, *see Jacobs v. Huibregtse*, No. 08-1804 (7th Cir. July 22, 2008) (dismissed for lack of appellate jurisdiction), and a fourth strike for his earlier frivolous appeal in this case, which was filed before the district court had entered final judgment, *see Jacobs v. Gerber*, No. 09-3250 (7th Cir. Nov. 3, 2009). In any future case, Jacobs must prepay all filing fees unless he can demonstrate, at the time of filing, that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

AFFIRMED.