# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40002

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2015

Lyle W. Cayce
Clerk

RUBEN SOLIS ANDERSON,

Plaintiff-Appellant

v.

MS. FNU WALTER, Head of Classification Department; G.I. DEPARTMENT,
All Sergeants, Lieutenants, Correctional Officers, and Mr. Canno; CAPTAIN
FNU OAKES, Segregation Department; CAPTAIN F. GOODEN, Segregation
Department; MAJOR FNU ALEXANDER, Segregation Department, et al.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-131

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ruben Solis Anderson, Texas prisoner # 596151, moves this court for
authorization to proceed in forma pauperis (IFP) following the district court's
dismissal of his 42 U.S.C. § 1983 action.  This court has a duty to examine the
basis of its jurisdiction, sua sponte, if necessary.  *Mosley v. Cozby*, 813 F.2d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-40002

659, 660 (5th Cir. 1987).    A timely notice of appeal is a jurisdictional requirement in a civil case.  *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007).

Anderson's notice of appeal was untimely because it was filed over 30 days after entry of final judgment.  *See* FED. R. APP. P. 4(a)(1)(A); *Smith v. Mine Safety Appliances Co.*, 691 F.2d 724, 725 (5th Cir. 1982).  Federal Rule of Appellate Procedure 4(a)(5)(A) does not assist Anderson with respect to the untimeliness of his notice of appeal.  Given the foregoing, this appeal must be dismissed for lack of jurisdiction.

APPEAL DISMISSED; MOTION DENIED.