# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10257

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2019

Lyle W. Cayce
Clerk

TERESA ANN JOHNSON,

>        Plaintiff - Appellant

v.

OCWEN LOAN SERVICING, L.L.C.; WELLS FARGO BANK NATIONAL ASSOCIATION, as Trustee for Park Place Securities Incorporated, Asset-Backed Pass-Through Certificates, Series 2005-WLLI,

>        Defendants - Appellees

Appeal from the United States District Court
For the Northern District of Texas

Before KING, HIGGINSON, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

Parties typically may appeal only after a court has entered final judgment resolving all claims. But the growth of multiclaim and multiparty litigation led to Federal Rule of Civil Procedure 54(b), which allows entry of an appealable judgment on one or more claims even when trial court litigation remains for other claims. 10 Charles Alan Wright et al., FED. PRAC. & PROC. §§ 2653, 2654 (4th ed. 2014) (chronicling the history and purpose of Rule 54(b)). A partial final judgment is meant to prevent the "hardship and denial of justice through delay if each issue must await the determination of all issues as to all

No. 18-10257

parties before a final judgment can be had." *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950).

This rule that is supposed to promote efficiency turned out to be a pitfall for the plaintiff in this mortgage foreclosure case. After the district court rejected all but one claim, it entered a Rule 54(b) judgment allowing an appeal before the final claim was resolved. But thirty days passed without an appeal. Only after the district court resolved the lingering claim and entered final judgment did the plaintiff appeal rulings from both judgments. We decide whether the missed deadline for appealing the Rule 54(b) judgment prevents the appellant from challenging those rulings in a later appeal from the final judgment.

I.

This case is about Teresa Johnson's home equity loan. Ocwen Loan Servicing began servicing the loan in 2011, and Wells Fargo owns the loan. Sometime in 2014, Johnson's husband lost his job and she fell behind in her loan payments. Johnson wanted a loan modification, but either she never completed the application or Ocwen failed to act on it. Eventually Ocwen sought an expedited foreclosure order in state court. Johnson filed this federal suit in response, which led to the dismissal of the foreclosure action.

Johnson originally asserted five claims against Ocwen: three under the Texas Debt Collection Act and two under the federal Real Estate Settlement Procedures Act. [1] After receiving recommendations from the magistrate judge, the district court granted summary judgment for Ocwen on both federal claims and the two state claims that alleged misrepresentations in connection with

---

[1] Johnson does not make any allegations about Wells Fargo's conduct, but seeks to hold it vicariously liable under RESPA for Ocwen's activities. We recently held that the RESPA's duties at issue here do not impose vicarious liability. *Christiana Trust v. Riddle*, 911 F.3d 799, 804–05 (5th Cir. 2018).

2

No. 18-10257

debt collection. But it sent the remaining state claim, which relied on Texas's general prohibition on "threatening to take an action prohibited by law," TEX. FIN. CODE § 392.301(a)(8), back to the magistrate judge for further scrutiny.

On January 4, 2018, with the final claim still pending, the district court entered a Rule 54(b) judgment on the four dismissed claims.

The remaining debt collection claim did not take long to resolve. By the end of the month, with the new magistrate report in hand, the district court granted summary judgment on that claim and entered final judgment on January 31.

Johnson appealed on March 1, within 30 days of the January 31st final judgment but more than 30 days after entry of the Rule 54(b) judgment.

II.

Johnson's appeal focuses on the federal claims that were dismissed in that Rule 54(b) judgment. That partial final judgment started its own clock for filing a notice of appeal. *Smith v. Mine Safety Appliances Co.*, 691 F.2d 724, 725 (5th Cir. 1982). Because Johnson filed her notice more than thirty days after entry of the Rule 54(b) judgment dismissing the Real Estate Settlement Procedures Act claims, her appeal of those rulings is untimely. *Id.*; *see also Bowles v. Russell*, 551 U.S. 205, 209 (2007) (noting that the time limit for appealing in civil cases is mandatory and jurisdictional).

To try and avoid the time bar, Johnson argues that the Rule 54(b) judgment was unauthorized because: (1) the rule applies to cases with multiple claims but she only brought one, and (2) the district court failed to explain why it found "that there is no just reason for delay." FED. R. CIV. P. 54(b). As a preliminary matter, we have doubts that an appeal of the final judgment allows a collateral attack on the propriety of a Rule 54(b) judgment from which an appeal was not taken. When dismissing untimely appeals of Rule 54(b) judgments, we have never evaluated a judgment's validity. *See, e.g., Udeiwe*

No. 18-10257

*v. Texas Tech Univ.*, 733 F. App'x 788, 791–92 (5th Cir. 2018); *Martin v. Zoley*, 603 F. App'x 349, 350 (5th Cir. 2015); *Smith*, 691 F.2d at 725. That said, at least two circuits have allowed collateral attacks on the validity of a partial judgment when the appellant waits to appeal until after the final judgment. *See Granack v. Continental Cas. Co.*, 977 F.2d 1143, 1145 (7th Cir. 1992) (holding that a Rule 54(b) judgment lacking the statement that there is "no just reason for delay" is defective and does not start the appellate clock); *Page v. Pressier*, 585 F.2d 336, 338 (8th Cir. 1978) (allowing a party appealing the final judgment to challenge a Rule 54(b) judgment on the ground that it "incorrectly categorized' the case as one involving multiple claims). The leading federal procedure treatise suggests that litigants facing an invalid Rule 54(b) judgment pursue another route for fixing it: file a timely notice of appeal from the judgment that argues, in addition to challenging the merits of the rulings, that the partial judgment is defective. 15A Wright et al., FED. PRAC. & PROC. § 3914.7, at 565 (2d ed. 1992). If the appellate court disagrees on the procedural point, the appellant has still preserved a timely appeal. And there is an even more direct path for litigants who believe a Rule 54(b) judgment should not have been entered: ask the court that entered it to undo it. *See* FED. R. CIV. P. 59(e) (allowing a party to file a "motion to alter or amend the judgment" within 28 days of its entry).

But we need not resolve whether an appellant who fails to timely appeal a Rule 54(b) judgment may attack the validity of that partial judgment in an appeal of the final judgment. Even assuming that Johnson's appeal of the final judgment is a vehicle for examining the Rule 54(b) judgment's validity, she has not demonstrated an error in the district court's use of the procedure.

Johnson argues that she only brought one claim, which would mean Rule 54(b) does not apply. Our caselaw, like that of other circuits, has not announced a single test for determining what is a "claim" for Rule 54(b)

4

purposes. *See Tubos de Acero de Mexico, S.A. v. Am. Intern. Inv. Corp.*, 292 F.3d 471, 485 (5th Cir. 2002); *see also* Andrew S. Polis, *Civil Rule 54(b): Seventy-Five and Ready for Retirement*, 65 FLA. L. REV. 711, 741–49 (2013) (explaining tests used in different cases). But under any standard we have considered, this lawsuit alleges multiple claims. Johnson's federal claims allege, among other things, that Ocwen did not follow requirements for loss mitigation applications. *See* 12 U.S.C. § 2601 *et seq.*; 12 CFR § 1024.41(d), (g). The state debt collection claims focus on what Ocwen said during communications with Johnson. The claims thus do not depend on the same facts, the focus of one common test. *See Tubos*, 292 F.3d at 486. Nor would recovery on the federal claim prevent a recovery on the state claim, another standard we have used. *See Samaad v. City of Dallas*, 940 F.2d 925, 931–32 (5th Cir. 1991). Federal regulation of real estate transactions protects different interests than state laws that generally prohibit deceptive debt collection practices. Johnson brought separate claims, so that threshold requirement of Rule 54(b) was met.

Johnson's second attack on the Rule 54(b) judgment is that it lacked an explanation for its finding that there was "no just reason for delay." Although providing such an explanation might be the better course (among other things, it facilitates appellate review of whether the finding was an abuse of discretion), we do not require it. *See Rothenberg v. Sec. Mgmt. Co.*, 617 F.2d 1149, 1150 (5th Cir. 1980). Even the Third Circuit cases that Johnson relies on have since been reconsidered. *Compare Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), *with Elliot v. Archdiocese of New York*, 682 F.3d 213, 221 (3d Cir. 2012) (noting that *Allis-Chalmers*' requirement that a district court set forth a statement of reasons "stands not as a jurisdictional prerequisite but as a prophylactic means of

No. 18-10257

enabling the appellate court" to evaluate the use of Rule 54(b) (cleaned up)).
Johnson has not identified a defect in the Rule 54(b) judgment.

In hindsight, this turned out to be a case in which waiting to enter judgment on all claims would not have resulted in meaningful delay. Only 27 days after issuing the Rule 54(b) judgment, the court resolved the final claim. Of course, at the time the court entered the partial judgment it did not know how quickly the magistrate would turnaround a report on the final claim or that the remaining claim would be dismissed. And regardless how events turned out, what matters is that Johnson missed the deadline for appealing the Rule 54(b) judgment. As a result, her appeal of its dismissal of the federal claims is untimely.

## III.

As we have noted, the appeal of the one state claim that was addressed in the final judgment is timely. But that ruling was correct on the merits. Johnson did not connect her alleged damages to the letters threatening foreclosure that are the basis for this particular claim. For proof of her damages she points us to her declaration, which describes the "severe mental anguish and emotional distress" she has experienced. But Johnson has not indicated that emotional toll was caused by receipt of the April 2016 letters, as opposed to the natural consequence of the unfortunate string of events she relates that began with the loss of her husband's job and culminated in the filing of this lawsuit. The same is true for her loss of time and inconvenience—she does not assert that the time it took to fill out the total loss forms and loan modification applications is attributable to receipt of the letters that are the basis for this claim. Summary judgment was warranted.[2]

---

[2] Johnson also argues that Ocwen did not adequately contest causation in its summary judgment papers. But Ocwen put Johnson on notice that it challenged causation while

No. 18-10257

* * *

We DISMISS the appeal of the federal claims for lack of jurisdiction and AFFIRM the judgment in favor of Defendants on the state law claim.

---

discussing her other state law claims—just two paragraphs before discussing Section 392.301(a)(8) under the same heading—and she responded with evidence of her damages.