# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2022

Lyle W. Cayce
Clerk

No. 21-10610
Summary Calendar

Fidel Salazar,

*Plaintiff—Appellant*,

*versus*

Lannette Linthicum; Philip Keiser; Cynthia Jumper; F. Parker Hudson, III; Jeffrey K. Beeson; Erin A. Wyrick; John W. Burruss; Robert Greenberg; Dee A. Budgewater; Preston Johnson, Jr.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CV-124

Before Stewart, Haynes, and Duncan, *Circuit Judges*.

Per Curiam:*

Fidel Salazar, former Texas prisoner # 1506617, appeals the dismissal of his 42 U.S.C. § 1983 suit under 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10610

§ 1915A, and Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  He argued that numerous defendants, including Dr. Melonie Sandoval and Correctional Managed Health Care Committee (CMHCC), were deliberately indifferent to Salazar's serious medical needs when he was incarcerated by refusing to provide him with treatment for Hepatitis C.  Salazar also moves for appointment of counsel.

Salazar contends that the district court erred in dismissing his suit against Melonie Sandoval because her refusal to provide treatment for Salazar's Hepatitis C violated his Eighth Amendment rights.  However, we lack jurisdiction to consider this claim because Salazar filed an untimely notice of appeal from that partial final judgment.  *See* Fed. R. Civ. P. 54(b); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16-17 (2017); *Johnson v. Ocwen Loan Serv'g, L.L.C.*, 916 F.3d 505, 508 (5th Cir. 2019); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters.*, 170 F.3d 536, 538-39 (5th Cir. 1999); *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 810 (5th Cir. 1993).

In addition, to the extent Salazar challenges the dismissal of his claims against the CMHCC defendants, he has abandoned that argument by failing to raise it in his opening brief to this court.  *See* Fed. R. App. P. 28(a)(8); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED in part with respect to Salazar's claims against the CMHCC defendants and the appeal is DISMISSED in part for lack of jurisdiction with respect to his claims against Sandoval.  The motion for appointment of counsel is DENIED as unnecessary as Salazar retained counsel after filing the motion.